IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MITCHELL TRIVITT,

        Petitioner,

        v.                                         CIVIL NO. 3:CV-08-1929

JOHN KARESTAS,                    (JUDGE VANASKIE)

        Respondent.

## MEMORANDUM

### Background

This habeas corpus proceeding under 28 U.S.C. § 2254 was initiated by Mitchell Trivitt during his prior confinement at the Mahanoy State Correctional Institution, Frackville, Pennsylvania.[1] Petitioner's in forma pauperis application was previously granted.

By Memorandum and Order dated July 9, 2009, this Court, exercising the discretion afforded under Day v. McDonough, 547 U.S. 198, 209-11 (2006), and United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), directed Petitioner to file a response addressing the issues of whether his habeas corpus petition was untimely pursuant to the provisions of Section 2244(d) of Title 28 of the United States Code and/or subject to dismissal

---

[1] Although Trivitt did not file a notice of change of address in this pending action, he did file a notice in an unrelated matter before this Court stating that he was released from incarceration on May 21, 2009, and is residing in New Oxford, Pennsylvania. See Trivitt v. Klem, et al., Civ. No. 07-883, Dkt. Entry # 20.

on the basis of mootness as contemplated in Levya v. Williams, 504 F.3d 357, 363 (3d Cir. 2007).[2] (Dkt. Entry # 5.) On August 3, 2009, Petitioner submitted his response. (Dkt. Entry # 6.)

Trivitt was convicted of rape, statutory rape, and involuntary deviate sexual intercourse on November 10, 1995, in the Court of Common Pleas of Adams County. On December 12, 1995, he was sentenced to a 5 ½ to 11 year term of imprisonment. His conviction and sentence were affirmed by the Pennsylvania Superior Court on June 4, 1997. See Commonwealth v. Trivitt, 700 A.2d 1029 (Pa. Super. 1997)(Table). An appeal to the Pennsylvania Supreme Court was denied on April 28, 1998. See Commonwealth v. Trivitt, 717 A.2d 533 (Pa. 1998)(Table). He began service of his sentence on May 21, 1998.

In his present action, Petitioner challenges the legality of his state conviction on the basis that newly obtained evidence shows that the victim's trial testimony was untruthful or mistaken. (Dkt. Entry # 1, ¶ 12.) Trivitt also claims that counsel who represented him with respect to a proceeding under Pennsylvania's Post Conviction Relief Act (PCRA) provided ineffective assistance.[3]

Discussion

---

[2] The Court of Appeals in Levya ruled that when a § 2254 petitioner is released from custody his habeas case is moot "unless he can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand." Levya, 504 F.3d at 363.

[3] Congress has precluded federal habeas corpus relief for ineffective or incompetence of counsel during State collateral post-conviction proceedings. 28 U.S.C. § 2254(i).

In his response, Trivitt states that his present petition is based upon newly discovered evidence regarding the victim's past sexual conduct which was brought to his attention on or about September 13, 2004. (Dkt. Entry # 6, ¶ 4.) Based upon this evidence, Petitioner initiated a pro se action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C. S. A. § 9541, et seq. on November 3, 2004. (Id. at ¶ 5.) He was provided court-appointed counsel. His pending federal Petition indicates that his PCRA action was "dismissed without a hearing" by the Court of Common Pleas on September 13, 2005. (Dkt. Entry # 1, ¶ 11(a)(7).) The Superior Court affirmed dismissal of Petitioner's PCRA action on March 31, 2006. See Commonwealth v. Trivitt, 898 A.2d. 1135 (Pa. Super. 2006)(Table).[4] Thereafter on October 5, 2006, the Pennsylvania Supreme Court denied relief. See Commonwealth v. Trivitt, 909 A.2d 304 (Pa. 2006).

Trivitt's Petition next asserts that he filed a second PCRA action on November 30, 2006. This action was dismissed as time-barred by the Court of Common Pleas on June 8, 2007. (Id. at ¶ 11(b)(8).) The Superior Court affirmed the dismissal on statute of limitations grounds on March 14, 2008.[5] Commonwealth v. Trivitt, 953 A.2d 607 (Pa. Super. 2008)(Table). On August 27, 2008, the Pennsylvania Supreme Court denied his petition for allowance of appeal. See

---

[4] This Court has obtained a copy of the Superior Court's March 31, 2006 decision. (Dkt. Entry # 8.)

[5] A copy of the March 14, 2008 decision was provided to this Court by the Superior Court. (Dkt. Entry # 7.)

-3-

Commonwealth v. Trivitt, 956 A.2d 434 (Pa. 2008) (Table).

Trivitt argues that his PCRA actions caused statutory tolling of the running of the limitations period. In th alternative, Petitioner contends that he is entitled to equitable tolling because he timely asserted his rights in the wrong forum and can establish that an extraordinary event stood in his way. (Dkt. Entry # 6, ¶ 7.)

Section 2244(d) of title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Statutory Tolling

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of direct review of a judgment of conviction, the

-4-

one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original).  In this case, the limitations period expired in 1999.

In cases where the claim is based upon newly discovered evidence, however, the statute of limitations period may begin to run anew.  See 28 U.S.C. § 2244(d)(1)(D). Specifically, the § 2244 one year statute of limitations "did not begin ticking until the day" Trivitt received the alleged new evidence.  Rinaldi v. Gillis, 248 Fed. Appx. 371, 380 (3d Cir. 2007); Willis v. Jones, 2009 WL 1391429 *8 (6th Cir. May 15, 2009)(limitation period begins to run when state disclosed the evidence); Daniels v. Uchtman, 421 F.3d 490, 490-92 (7th Cir. 2005). Accordingly, in this case the limitations clock began to run on September 13, 2004, the alleged date Trivitt became aware of the newly discovered evidence.  According to Petitioner's computation, the clock stopped running on November 3, 2004 when he initiated his first PCRA action, and remained suspended while he pursued his first and second PCRA proceedings.

The running of limitations period, however, is only suspended for the period when "properly-filed" state post-conviction proceedings are pending in any state court.  In his response, Petitioner contends that the question of whether a PCRA action is properly filed "is separate from the question the claims contained therein are meritorious and free from procedural bar."  (Dkt. Entry 6, ¶ 6.)   Contrary to Trivitt's argument,  Fahy v. Horn, 240 F.3d

239, 243 (3d Cir. 2001), recognized that an untimely PCRA petition does not toll the statute of limitations for filing a federal habeas corpus petition. See also, Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

Following the filing of his PCRA action, counsel was appointed for Trivitt on November 29, 2004, and thereafter an amended petition was filed. See Commonwealth v. Trivitt, No. 1168 MDA 2007, Brief for Appellee, 2007 WL 5062000 *4. As previously noted, his PCRA action was dismissed on September 13, 2005 "as untimely." (Id.) The dismissal was affirmed by the Superior Court on March 31, 2006, which likewise concluded that "the PCRA court did not err in dismissing Appellant's PCRA petition on the basis of untimeliness." Dkt. Entry # 8, at 5. The Pennsylvania Supreme Court thereafter denied allocatur on October 5, 2006. Petitioner's second PCRA proceeding was also dismissed as untimely, i.e., not "properly filed."

Accordingly, statutory tolling is not available here because Petitioner never presented a "properly filed" PCRA petition. Accordingly, Trivitt's federal habeas petition may only be entertained if Trivitt is entitled to equitable tolling. See Merritt, 326 F.3d at 161.

Equitable Tolling

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005). In Jones, the court held

that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

"[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). In Johnson v. Hendricks, 314 F. 3d 159 (3d Cir. 2002), the court reiterated that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990). Hence, ineffective assistance of PCRA counsel does not permit equitable tolling.

Second, contrary to Trivitt's assertion that his pending claim was timely raised, the Pennsylvania state courts have concluded that Petitioner's pending newly discovered evidence claim was untimely. Furthermore, because timely exhaustion of state court remedies is a prerequisite to federal habeas corpus relief, Petitioner's contention that he raised his newly discovered evidence claim in the wrong forum by initially asserting it before the Pennsylvania state courts is meritless.

Finally, Petitioner's claim that an extraordinary event stood in his way is wholly

unsupported. There are no facts presented or apparent from the record which could establish that Trivitt's failure to timely pursue his pending federal claims was caused by being misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion. Accordingly, a viable basis for equitable tolling has not been established.

## Conclusion

Since Petitioner has not established entitlement to either statutory or equitable tolling and his § 2254 petition was filed well after the expiration of the § 2244(d) limitations period, this matter is clearly time barred. An appropriate Order will enter.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL TRIVITT, | : |
| | : |
|     Petitioner, | : |
| | : CIVIL NO. 3:CV-08-1929 |
|     v. | : |
| | : (JUDGE VANASKIE) |
| JOHN KARESTAS, | : |
| | : |
|     Respondent. | : |

## ORDER

         NOW, THEREFORE, THIS 21st DAY OF OCTOBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

    1.    The petition for a writ of habeas corpus is DISMISSED.

    2.    The Clerk of Court is directed to mark this matter CLOSED.

    3.    There is no basis for issuance of a certificate of appealability.

                                      s/ Thomas I. Vanaskie
                                      Thomas I. Vanaskie
                                      United States District Judge